UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRIANTE SUMBRY, | ) | CASE NO. 4:06 CV 1322 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF INDIANA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 30, 2005, plaintiff pro se Larrianté Sumbry filed a pleading entitled "Common Law Writ of Supervisory Control" against the State of Indiana and the Indiana Governor. In the document, Mr. Sumbry asserts that his conviction by an Indiana state court is void and that he is therefore being held hostage by the state of Indiana. He does not specify the relief he seeks.

## Background

Mr. Sumbry, a proclaimed "Natural Live Freeman," contends he was kidnaped from his Indiana home by the Gary, Indiana police and taken into custody. He was convicted of unspecified charges in an Indiana state court and was sentenced to a term of incarceration. He is currently serving that term of incarceration at the Indiana State Prison. Mr. Sumbry claims the judgement is void "for absence of subject matter jurisdiction, due to no abstract of judgement, entry of judgement, exist in the court file." (Compl. at 1.) He states he, as a "Freeman[,] is being held

hostage by th[e] prison system beyond his release date, in violation of ex post facto law as well as treaty obligations." Id.

## Analysis

Review of the complaint indicates that the specific events and omissions of which plaintiff complains occurred in Indiana, where he is currently incarcerated.  A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  As none of the defendants reside in the State of Ohio and all of the events giving rise to this action occurred in Indiana, this court clearly is not the proper venue to hear this matter.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought.  This court finds that **it would not be in the interest of justice** to transfer this matter; and this action will, therefore, be dismissed.

Mr. Sumbry has been declared to be a vexatious litigator by the United States Court of Appeals for the Seventh Circuit and is forbidden to file any action in any court in that circuit. In Re Larrianté J. Sumbry, No. 02-2565 (7th Cir. Aug. 1, 2002); Sumbry v. Davis, No. 03-4332 (7th Cir. Jan. 16, 2004); Sumbry v. Davis, No. 03-2937 (7th Cir. March 30, 2004).  This court notes that Mr. Sumbry has filed over 45 cases in the United States District Court for the Northern District of Indiana which were dismissed sua sponte prior to service, and repeatedly has been fined and

sanctioned by the district courts in that Circuit.  By Order of the Seventh Circuit, all documents submitted by Mr. Sumbry are to be refused.  The Clerk's Office in the Northern District of Indiana is very familiar with Mr. Sumbry's litigation history and, in accordance with the Order, returns Mr. Sumbry's papers to him unfiled.  Mr. Sumbry, however, has discovered a loophole in this arrangement and persists in exploiting the judicial system by filing papers in the district courts of other circuits.[1]  Those courts, unfamiliar with Mr. Sumbry's proclivities, file his pleadings and open a case.  They then rule that venue is improper and transfer the case to the Northern District of Indiana, in effect by-passing the forbidden filer injunction.  This court will not aid and abet his efforts to harass the United States District Court for the Northern District of Indiana by following

---

[1]  See Sumbry v. Indiana State Prison, Case No. 1:06 CV 002 (N.D. Ind. dismissed Jan. 6, 2006)(filed in the Western District of New York); Sumbry v. Indiana State Prison, Case No. 2:06 CV 53 (N.D. Ind. dismissed Feb. 16, 2006)(filed in the Middle District of Tennessee); Sumbry v. State of Indiana, Case No. 2:06 CV 227 (N.D. Ind. dismissed July 6, 2006)(filed in the Central District of Califormia); Sumbry v. Indiana State Prison, Case No. 3:06 CV 91 (N.D. Ind. dismissed Feb. 13, 2006)(filed in the District of Arizona); Sumbry v. Indiana State Prison, Case No. 3:06 CV 114 (N.D. Ind. dismissed Feb. 15, 2006)(filed in the District Court for the District of Columbia); Sumbry v. Indiana State Prison, Case No. 3:06 CV 332 (N.D. Ind. dismissed May 30, 2006)(filed in the Eastern District of Texas); Sumbry v. State of Indiana, Case No. 3:06 CV 440 (N.D. Ind. dismissed July 26, 2006)(filed in the Eastern District of Pennsylvania); Sumbry v. Indiana State Prison, Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005)(filed in the Eastern District of California); Sumbry v. Davis, Case No. 3:05 CV 440 (N.D. Ind. dismissed July 27, 2005)(filed in the Eastern District of Virginia); Sumbry v. Davis, Case No. 3:05 CV 411 (N.D. Ind. dismissed July 18, 2005)(filed in the District Court for the District of Columbia); Sumbry v. Davis, Case No. 3:05 CV 113 (N.D. Ind. dismissed Mar. 7, 2005)(filed in the District of Maryland); Sumbry v. Davis, Case No. 3:05 CV 232 (N.D. Ind. dismissed June 10, 2005)(filed in the Northern District of Iowa); Sumbry v. Davis, Case No. 3:04 CV 759 (N.D. Ind. dismissed Feb. 1, 2005)(filed in the Southern District of Florida); Sumbry v. Davis, Case No. 3:04 CV 439 (N.D. Ind. dismissed July 1, 2004)(filed in the District Court for the District of Columbia); Sumbry v. Davis, Case No. 3:04 CV 447 (N.D. Ind. dismissed Nov. 5, 2004)(filed in the Northern District of Oklahoma); Sumbry v. Davis, Case No. 2:04 CV 295 (N.D. Ind. dismissed Aug. 2, 2004)(filed in the Southern District of California); Sumbry v. Davis, Case No. 1:05 CV 47 (N.D. Ind. dismissed Jan. 26, 2005)(filed in the Middle District of Pennsylvania); Sumbry v. Indiana State Prison, Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005)(filed in the Eastern District of California).

this same pattern. This case will be dismissed.

## **Injunction**

Moreover, to prevent further abuse of this court's time and resources, this court will also enjoin Mr. Sumbry. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[2]

Mr. Sumbry has established a pattern of filing complaints across this country which are patently frivolous and vexatious, and which are clearly calculated to harass the defendants and abuse the judicial process. Accordingly, Larrianté Sumbry is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with

---

[2] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

the following:

>1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
>2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
>3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
>4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient grounds for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Sumbry prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion and Order; and, 3) the exhibits required by this Memorandum

of Opinion and Order.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Sumbry files, unless and until leave is granted.

**Conclusion**

Accordingly, this action will be dismissed pursuant to 28 U.S.C. §1915(e) and the plaintiff is enjoined from filing any documents without leave of court as provided by the terms of this order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: November 27, 2006            /s/ John R. Adams
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.